# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-0470V
### Filed: May 10, 2017
### UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

REBECCA S. MELGARES,         *

                                 *

                Petitioner,      *

v.                             *

                                 *      Attorneys' Fees and Costs;

SECRETARY OF HEALTH      *      Special Processing Unit ("SPU")

AND HUMAN SERVICES,      *

                                 *

                Respondent.   *

                                 *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Joseph Michael Russell, Von Briesen & Roper, S.C., Milwaukee, WI, for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 13, 2016, Rebecca S. Melgares ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered from a shoulder injury related to an influenza ("flu") vaccine she received on October 20, 2014. Petition at 1. On September 16, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 21).

On February 21, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 26). Petitioner requests attorneys' fees in the amount of $32,447.00, and attorneys' costs in the amount of $700.92, for a total amount of $33,147.92. *Id.* at 1. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compliance with General Order #9, petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 28, Exhibit 1).

On February 24, 2017, respondent filed a response to petitioner's motion. (ECF No. 27). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent, however, further that he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent further states that the "Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent. *Id.* at 2. Thus, respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs in this case." *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the overall request appears reasonable, and the undersigned finds no cause to reduce the rates in this particular case. However, there are several items that need to be addressed.

This appears to be the first case petitioner's attorneys have tried in the Vaccine Program. As a general comment, the undersigned notes that the total time billed in this case is high as compared to amounts billed in other similar-type SIRVA cases. However, the description of the billing entries related to this case, as a general matter, appear reasonable. As such, the majority of the time billed will be compensated. However, several reductions are necessary. Time billed by attorney Joseph Russell from September 24-25, 2015, to learn general information about the Vaccine Program and applicable law is not compensable.[3] However, time spent researching reasonable basis is compensable. Because the hours billed for learning about the Vaccine Program and researching reasonable basis are not itemized, the undersigned will compensate petitioner for 50% of this time (a total of 8.4 hours were billed at $310 an hour for a total of $2,604.00). This results in a reduction of $1,302.00.

Additionally, time and costs related to seeking admission to the U.S. Court of Federal Claim are not compensable. The admission of the attorney of record to the

---

[3] It is well established that time spent learning about the Vaccine Program is not compensable. *See, e.g. Matthews v. Sec'y of Health & Human Servs.*, No. 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016); *Calise v. Sec'y of Health & Human Servs.*, No. 08–865V, 2011 WL 2444810, at *5 (Fed. Cl. Spec. Mstr. June 13, 2011) (reducing petitioner's counsel's billings for "research into the elementary principles of vaccine litigation," noting, "basic education [is] not compensable under the Program."); *Carter v. Sec'y of Health & Human Servs.*, No. 04–1500V, 2007 WL 2241877 (Fed. Cl. Spec. Mstr. July 13, 2007) ("an inexperienced attorney may not ethically bill his client to learn about an area of the law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task.").

United States Court of Federal Claims is a prerequisite to filing an action under the Vaccine Act. Thus, a reduction of $276.00 will be made.

**Accordingly, the undersigned awards the total of $31,569.92[4] as follows:**

- **A lump sum of $31,569.92, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, von Briesen & Roper, S.C.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.